| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| MARIBEL RIOLLANO RAMOS,<br><br>Recurrida,<br><br>v.<br><br>ROYAL ISABELA, INC.; COSTA ISABELA MASTER ASSOCIATION, INC.; COSTA ISABELA PARTNERS, INC., MIGUEL MACHADO, FULANA DE TAL y la sociedad legal de gananciales compuesta por ambos; UNIVERSAL INSURANCE COMPANY; COMPAÑÍAS DESCONOCIDAS A, B, C; COMPAÑÍAS DE SEGURO 1. 2, 3,<br><br>Peticionaria. | KLCE202500012 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla.<br><br>Civil Núm.: AG2021CV01538.<br><br>Sobre: difamación; libelo; calumnia; daños y perjuicios. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y el juez Rodríguez Casillas[1].

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de enero de 2025.

En esta misma fecha, el **Municipio de Isabela**, mediante comparecencia especial y sin someterse a la jurisdicción de este foro, presentó un recurso de *certiorari*, así como una solicitud en auxilio de jurisdicción[2].

En síntesis, el Municipio informa que el juicio en su fondo en el caso civil del título comienza el 8 de enero de 2025, y que su alcalde, Hon. Miguel Méndez Pérez, fue citado como testigo por la parte demandada. Aduce que tal citación no fue debidamente justificada. A pesar de ello, y de haberse

---

[1] Conforme a la Orden Administrativa Núm. OATA-2025-oo1, emitida por el juez administrador de este Tribunal el 7 de enero de 2025, se designó al Hon. Roberto Rodríguez Casillas, para entender y votar en este recurso, en sustitución de la jueza Beatriz M. Martínez Cordero.

[2] Valga apuntar que **no** surge de la moción en auxilio de jurisdicción que esta fuera notificada simultáneamente a las restantes partes litigantes, conforme lo exige la Regla 79(e) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 79(e).

Número identificador

RES2025_____

opuesto a la citación, el Tribunal de Primera Instancia, Sala Superior de Aguadilla, mediante su orden del 3 de enero de 2025, declaró sin lugar su solicitud de eximirle de comparecer.

Evaluado el recurso y la solicitud de auxilio, y prescindiendo de la comparecencia de la parte recurrida[3], este Tribunal concluye que no se justifica nuestra intervención en este asunto. Además, en este caso no concurren los criterios establecidos en la Regla 40 del Reglamento de este Tribunal para expedir el auto de *certiorari*.

En su consecuencia, **denegamos** la solicitud de paralización de los procedimientos, así como la expedición del recurso de *certiorari.*

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Ello, conforme a la Regla 7(b)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". 4 LPRA Ap. XXII-B, R. 7(b)(5).